# EXHIBIT

# A

INVESTMENT REPRESENTATIVE EMPLOYMENT AGREEMENT

*John Matthew Kerr*

Edward Jones, a limited partnership formed under the laws of the State of Missouri, hereby accepts your application for registration with the New York Stock Exchange, Inc. and the National Association of Securities Dealers, Inc. as an investment representative of Edward Jones.

In consideration of acceptance of the above and other good and valuable consideration, you agree that:

1. You shall devote your efforts solely to the business of Edward Jones without any exclusive right to any particular territory. Unless prior written approval is granted by Edward Jones, you will not engage in any other business, occupation, job, work, or employment during your employment with Edward Jones. This restriction includes, but is not limited to, officerships or directorships in any company or partnership interest in any for-profit organization. Excluded from the restriction are investments in limited partnerships as may have been approved by Edward Jones prior to your investment therein, or as may be offered to you through Edward Jones.

2. You agree to become familiar with and strictly adhere to all rules, regulations, and policies established by Edward Jones as set forth in the Edward Jones Compliance Manual or other communications, and you further agree to strictly adhere to the rules and regulations of the SEC, NASD, NYSE, state securities regulators and all other applicable rules and regulations. Edward Jones may charge back against you any losses or expenses it suffers as a result of your failure to comply and adhere with such rules and regulations, and you shall indemnify and hold Edward Jones harmless against any and all losses it suffers as a result of the violation by you of any of the provisions of this Agreement.

3. You agree that if you have a reasonable expectation that your employment with Edward Jones is likely to be terminated by you or by Edward Jones, you will take no action(s) which would commit Edward Jones, in any way to the rental or leasing of office space. Further, you agree to take no actions which would terminate or affect the rental or lease arrangements of your present branch office. You further agree that in all circumstances and at all times you will act in good faith in the selection, rental, or leasing of office space on behalf of Edward Jones. You agree that all actions and any other commitment whatsoever made by you on behalf of Edward Jones shall be suitable and appropriate and conducted in good faith and not done to place Edward Jones at a competitive disadvantage upon your employment termination.

4. You shall keep and preserve all furniture, equipment, signs, account records, customer statements and files, manuals, forms, supplies, and literature and shall deliver such property to Edward Jones, if requested, during the course of your employment. In the event your employment with Edward Jones ends either through termination by Edward Jones or through resignation by you, you will surrender to Edward Jones all of the above such property which shall be and remain the property of Edward Jones. Subsequent to your resignation, your right to commissions ends with trades settling during the month after your termination. Under the sales bonus program, an investment representative must be employed by Edward Jones on the distribution date of any bonus to be entitled to any portion of it. Accordingly, in the event your employment with Edward Jones is terminated prior to any said distribution date, all rights and interest in any subsequent bonus distributions are entirely forfeited.

During the course of your employment you may be paid a share of continuing service fees or trail commissions received by Edward Jones from certain investment companies for purchases made by or account balances maintained in customer accounts serviced by you. Such fees are the property of Edward Jones and you have no continuing interest or right to receive any portion of them after the termination of your employment. In addition,

during the term of your employment you have no right to sell, assign, or bargain with regard to any share of such fee which Edward Jones may from time to time allocate to and pay to you.

5. You shall not contract or incur any indebtedness in the name of Edward Jones. A general principal of Edward Jones, based at the headquarters in St. Louis, Missouri, shall approve and sign all contracts for Edward Jones local offices on your behalf.

6. In the event you become licensed to sell insurance/annuities, you agree that commissions derived from the sale or handling of such contracts are the sole property of Edward Jones, and you will forward all commission checks directly received by you to Edward Jones.

In the event you had engaged in sales of insurance/annuities prior to your employment with Edward Jones, you may only continue to receive renewal or trailer commissions resulting from such prior sales upon the express consent of Edward Jones. Your share, if any, of such renewal/trailer commissions will be determined by Edward Jones in its sole discretion in the event Edward Jones agrees to enter a limited dealer agreement with the issuer of the contracts. If Edward Jones should agree to enter a limited dealer agreement as described herein, you agree that you will not originate any new business on behalf of the issuer, but will only accept your share of renewal/trailer commissions stemming from previous sales as determined by Edward Jones.

7. You will notify Edward Jones promptly if, during your employment: (i) you become involved in any litigation or any judgments are adjudicated or entered against you; (ii) your registration or license to sell or deal in securities and/or insurance is refused, suspended or revoked; (iii) you become enjoined, temporarily or otherwise, from selling or dealing in securities and/or insurance or from functioning as an investment advisor; (iv) you are arrested, summoned, arraigned, or indicted for a criminal offense; or (v) you become involved in bankruptcy proceedings or in any other matter required to be reported to others under applicable law or regulations.

8. You consent that at any time following the end of your employment that Edward Jones may access your files with any securities regulatory agency, including but not limited to the Central Registration Depository ("CRD") system.

9. You shall at no time, while this Agreement is in effect or thereafter: (i) use any information acquired by you during the period of this Agreement in a manner adverse to the interests of Edward Jones; (ii) attempt to induce any person to terminate an agreement or relationship with Edward Jones without Edward Jones' consent; (iii) attempt to cause any holder of a certificate, stock or other security to cease his performance under the terms of a contract with Edward Jones; or (iv) solicit or recommend the makings of unwarranted claims against Edward Jones.

10. For a period of one year following termination of this Agreement, you will not directly or indirectly solicit sales of securities and/or insurance business to or from any customer of Edward Jones or otherwise induce any said customer of Edward Jones to terminate his/her relationship with Edward Jones, if you contacted or dealt with such customer during the course of, or by reason of, your employment with Edward Jones or if the identity of such person was learned by you by reason of your employment with Edward Jones. You further agree that, while in the employ of Edward Jones and for a period of one year after termination of employment with Edward Jones, you will neither confer nor discuss with any Edward Jones employee the subject of leaving the employ of Edward Jones, nor shall you confer or discuss with any Edward Jones employee the subject of employment by a person

or organization engaged in a similar, related, or competing line or lines of business. It is understood and agreed that the identities of and information concerning the customers of Edward Jones are confidential information, constitute a trade secret, and are the sole and exclusive property of Edward Jones.

11. It is agreed that Edward Jones' remedy at law for any breach by you of these covenants will be inadequate and that Edward Jones, its successors or assigns, shall be entitled to injunctive relief from a court of competent jurisdiction for any breach or any violation hereof. This right of Edward Jones to injunctive relief shall be in addition to any other remedies available to Edward Jones for any breach or any violation hereof. The election by Edward Jones of one remedy shall not in any way be construed as waiving any other remedies for such breach.

12. You agree to assume responsibility for investigating and determining the creditworthiness of customer accounts opened or serviced by you. You further agree that if a customer maintaining such an account fails to deliver securities to cover a sale of securities, fails to deliver funds to cover a purchase of securities, or otherwise acts or fails to act in such a manner as to cause an unsatisfied debit to arise in such an account, you will satisfy such debit balance. You further agree that should your employment with Edward Jones be terminated for any reason, Edward Jones may offset any outstanding debit balances in customer accounts opened or serviced by you against any and all amounts owed by Edward Jones to you for whatever and remit to you the remaining amount, if any.

13. This Agreement shall be deemed to be a Missouri contract and governed by the laws there. A waiver of any provisions hereof by Edward Jones shall not be deemed a waiver of any other provision and no waiver shall be effective unless the same is in writing over the signature of a general principal of Edward Jones. Any provision of this Agreement rendered unenforceable by the laws of any state shall as to such state be void only to the extent of such unenforceability and shall not invalidate the remaining provisions of this Agreement.

14. The parties hereto agree that any controversy arising under this Agreement relating to money damages shall be submitted to arbitration before the National Association of Securities Dealers, Inc. or the New York Stock Exchange, Inc. and be resolved in accordance with the rules, then in effect, of such entities. This provision shall in no way affect or impair Edward Jones' right under any other provision of this Agreement to obtain equitable relief from a court of competent jurisdiction, which relief may remain in full force and effect pending the outcome of arbitration proceedings.

15. Any notice to be given Edward Jones under this Agreement shall be given in writing and delivered by certified mail to a general principal of Edward Jones based at the headquarters in St. Louis, Missouri two weeks before its effective date. Any notice to be given you under this Agreement shall be deemed given if delivered in person to you or when mailed to you at your last known address on file with Edward Jones.

16. You understand that your employment with Edward Jones shall not be considered to exist for any specified term or length of time, and nothing in this agreement or in other documents shall be held to create, either expressly or by implication, employment for such a term. You understand that your employment with Edward Jones shall be considered an "at will" arrangement in accordance with the laws of the State of Missouri. This means that you are free, as is Edward Jones, to terminate the relationship at any time for any reason, so long as there is no violation of applicable federal or state law.

17. Upon execution of this Agreement and upon registration with the New York Stock Exchange, Inc. and the National Association of Securities Dealers, Inc., you will be an investment representative of Edward Jones. If within two years after said registration as an investment representative you resign your employment with Edward Jones and accept employment with a broker/dealer registered with the Securities and Exchange Commission or a member of the National Association of Securities Dealers, Inc., you agree to reimburse Edward Jones according to the following schedule of reimbursable costs which is agreed to be the reasonable cost of the training Edward Jones has provided to you.

| Months Registered | Reimbursable Amount | Months Registered | Reimbursable Amount |
|---|---|---|---|
| 1 | $ 24,000 | 13 | $ 13,200 |
| 2 | 23,100 | 14 | 12,300 |
| 3 | 22,200 | 15 | 11,400 |
| 4 | 21,300 | 16 | 10,500 |
| 5 | 20,400 | 17 | 9,600 |
| 6 | 19,500 | 18 | 8,700 |
| 7 | 18,600 | 19 | 7,800 |
| 8 | 17,700 | 20 | 6,900 |
| 9 | 16,800 | 21 | 6,000 |
| 10 | 15,900 | 22 | 5,100 |
| 11 | 15,000 | 23 | 4,200 |
| 12 | 14,100 | 24 | 3,300 |

18. In the event the Edward Jones office in which you are employed is closed and you are not offered employment at the same level elsewhere with Edward Jones, or if your employment is terminated by Edward Jones, you may accept employment without reimbursement to Edward Jones of your training costs as provided in the paragraph above. In any event, said reimbursement may be waived by written notice from a general principal of Edward Jones based at the headquarters in St. Louis, Missouri, without waiving or affecting any other provision contained in this Agreement. Edward Jones may terminate your employment at any time with or without cause and with or without notice.

IN WITNESS WHEREOF, the parties hereto have executed the foregoing Agreement upon the understanding that it shall become effective on _____ July 7 _____, 19 __98__, which is the date it is received by and countersigned by Edward Jones.

_____
Investment Representative

_____
General Principal

**Edward Jones**
Serving Individual Investors Since 1871